IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND


DAVID L. PARKER                *
                               *
                               *
v.                             *
                               *
DEUTSCHE BANK NATIONAL TRUST   *    Civil Action No. WMN-12-3358
COMPANY, AS INDENTURE TRUSTEE  *
FOR AMERICAN HOME MORTGAGE     *
INVESTMENT TRUST 2005-2        *
                               *
* * * * * * * * * * * * * * * *

## MEMORANDUM

Pro se Plaintiff, David L. Parker, filed this action in the Circuit Court for Baltimore County, Maryland, on or about October 15, 2012. Defendants removed the action to this Court on November 15, 2012. Defendants have filed a motion to dismiss, ECF No. 8, which Plaintiff has opposed. In his opposition, Plaintiff also requested that this action be remanded to the state court. ECF No. 10. Both motions are ripe.

Plaintiff's motion to remand is premised on his contention that his Complaint raises no claims involving any federal statute, but only state law claims. Thus, in his view, this case should be returned to state court. This case was removed, however, not based on federal question jurisdiction, but on diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff is a citizen of Maryland and, for purposes of jurisdiction, Defendant

Deutsche Bank is a citizen of California and Defendant Mortgage Electronic Registration System, Inc. (MERS) is a citizen of Delaware and Virginia.  As there is complete diversity between the parties and the amount in controversy is well over the $75,000 jurisdictional limit, this Court has jurisdiction over Plaintiff's claims and the case was properly removed.

Turning to the merits of Plaintiff's claims, Plaintiff asserts that he brings this action to quiet title on certain real property known as 142 Disney Court, Owings Mill, MD (the Property).  In order to acquire the Property, Plaintiff obtained a loan from American Home Mortgage Acceptance, Inc. (American Home) in the amount of $357,600.00, as reflected in an Adjustable Rate Note (the Note) dated April 27, 2005. See ECF No. 8-2.[1]  To secure the Note, Plaintiff executed a Deed of Trust, using the Property as collateral and naming MERS as the beneficiary and nominee for American Home and its successors and assigns.  See ECF No. 8-3 at 3.  The Deed of Trust stated that, MERS holds only legal title to the interests granted by Borrower in this security instrument, but, "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's

---

[1] With his Complaint, Plaintiff supplied a partial copy of the Note.  Defendants supplied a complete copy with their motion.  A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a 12(b)(6) motion into a motion for summary judgment.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." Id. By executing the Deed of Trust, Plaintiff expressly acknowledged that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Id. at ¶ 20. The Deed of Trust also clearly states that Plaintiff's obligations remain the same, regardless of whether the Note is sold: "If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser." Id.

Notwithstanding these provisions to which Plaintiff expressly agreed when executing the Note and Deed of Trust, Plaintiff now asserts that there are several "clouds" on the title to the Property arising from transfers of the Note and Deed of Trust and MERS' role in those transfers. In the Complaint, Plaintiff specifically points to the following "clouds:" (1) Defendant Deutsche Bank is a foreign company not authorized to do business in Maryland; (2) because there was no

3

assignment of the Deed of Trust to Deutsche Bank, Deutsche Bank is not a holder in due course of the Note; (3) MERS "operated as a separate entity and nominee" and never held an interest in the Note and thus, could not transfer the Deed of Trust; (4) no record of the transfer of the Deed of Trust from American Home to Deutsche Bank appears in Baltimore County Land Records; and (5) American Home "would have needed approval from Bankruptcy Court to transfer the Assignment of Deed of Trust" to Deutsche Bank.  In moving to dismiss the Complaint, Defendants argue that Plaintiff's claims are "wholly concocted, at times nonsensical, and without legal support."  Mot. at 2.  In opposing the motion, Plaintiff seems to abandon his first alleged "cloud" based on Deutsche Bank's status as a foreign company, but adds a new ground for challenging the continued validity of the Note, i.e., that "a cloud on title occurred when [the Deed of Trust] was separated from [the Note]."  Opp'n at 4.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is a test of the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  A plaintiff filing pro se is

4

held to a "less stringent standard" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully" pled. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even a pro se complaint, however, must meet a minimum threshold of plausibility. See, e.g., O'Neil v. Ponzi, 394 Fed. App'x. 795, 796 (2d Cir. 2010).

The Court finds that none of Plaintiff's contentions are plausible. First, to the extent Plaintiff continues to base his claim on Deutsche Bank's status as a foreign company, the Court notes that, as a national banking institution regulated by the Office of the Comptroller of the Currency, Deutsche Bank is not subject to the requirement that it register in order to do business in Maryland. See Md. Code Ann., Corps. & Ass'ns § 7-201. Regardless, the failure to register "does not affect the validity of any contract to which the corporation is a party." Id. § 7-203.

Plaintiff's second and fourth alleged "clouds" on the title to the Property, appear to reflect an assumption that there must be a separate assignment of the Deed of Trust when there is a transfer of the Note. The transfer of the Note, however, carries the Deed of Trust with it. See Svrcek v. Rosenberg, 40 A.3d 494 (Md. Ct. Spec. App. 2012) (noting that "[t]he deed of trust need not and properly speaking cannot be assigned like a mortgage, but the note can be transferred freely, and, when

5

transferred, carries with it the security, if any, of the deed of trust") (citations and internal quotations omitted).  Here, Plaintiff does not dispute that Deutsche Bank is in possession of the Note.  The Note denotes a blank endorsement by the original lender, American Home, and one in possession of a negotiable instrument endorsed in blank is the holder of that instrument.  Md. Code Ann., Comm. Law § 3-205(b).  Thus, Deutsche Bank is a holder of the Note and, with it, obtained the rights of the Deed of Trust.

Plaintiff's contention that MERS never held a beneficiary interest in the Note is similarly baseless.  The Deed of Trust, signed by Plaintiff, expressly provided that MERS is the beneficiary under the instrument.  Deed of Trust at 2.  This Court has previously noted that courts, addressing challenges to MERS similar to those raised here, have consistently found that "the system of recordation is proper and assignments made through that system are valid."  <u>Suss v. JP Morgan Chase Bank, N.A.</u>, Civ. No. WMN-09-1627, 2010 WL 2733097 at *5 (D. Md. July 9, 2010) (collecting cases).

Plaintiff's cursory claim based upon some alleged need for approval of the Bankruptcy Court is without any factual basis.  While Defendants acknowledge that American Home went into bankruptcy proceedings, the Complaint does not contain dates from which it could be concluded that the transfer of the Note

happened after the initiation of those proceedings. Furthermore, the Complaint is silent as to whether approval, if needed, was given.

Finally, Plaintiff's new argument suggesting that a "cloud on title occurred when these [sic] security instrument was separated from the promissory note by placement into [MERS]," Opp'n at 4, fails for the same reasons as his related arguments. Because the rights under the Deed of Trust follow the Note, there was no splitting. Furthermore, courts, including this Court, have consistently affirmed the propriety of the MERS registry system.

Finding Plaintiff's claims to be wholly without merit, the Court will dismiss the Complaint, with prejudice. A separate order will issue.

                                _____/s/_____
                                William M. Nickerson
                                Senior United States District Judge

DATED: April 3, 2013